ORDERED.

Dated: July 15, 2011



**Eileen W. Hollowell, Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AREK FRESSADI, | ) | Case No.: 4:11-bk-01161-EWH |
| | ) | |
| | ) | **MEMORANDUM DECISION** |
| Debtor. | ) | **ON MOTION TO CONVERT** |

## INTRODUCTION

Certain creditors seek to have this individual Chapter 11 case converted to Chapter 7. For the reasons explained below, the case will instead be dismissed and a 180-day bar against refiling anything other than a Chapter 7 petition will be imposed.

## FACTS AND PROCEDURAL HISTORY

The Debtor has been embroiled in litigation ("Litigation") regarding approximately five acres of real property in Cave Creek, Arizona ("Property") for almost a decade. The Litigation includes banks and the Town of Cave Creek. It involves reciprocal easement claims and other claims related to the Property. All of the Litigation claims are based on common law or state law causes of action. On January 17, 2011, after summary judgment was entered against the Debtor on a judicial foreclosure complaint regarding the Property filed by M&I Marshall & Ilsley Bank ("M&I"), Debtor filed a Chapter 11 petition. The Debtor was originally represented by counsel. On the eve of a final hearing on M&I's motion for relief from stay to permit it to proceed with its judicial foreclosure, Debtor's counsel moved to withdraw and the Debtor requested a continuance of the final hearing. Counsel's motion to withdraw was granted, the request for the continuance was denied. Thereafter, the Debtor filed numerous pleadings, including five different versions of a plan of reorganization.

Post-petition, the Debtor began to remove certain of the Litigation lawsuits (the "Removed Cases"), including M&I's judicial foreclosure suit (4:11-ap-999), to this Court. Various of the defendants in the Removed Cases responded by filing requests for remand and notices of non-consent to bankruptcy court jurisdiction in the Removed Cases.

On April 28, 2011, M&I moved to convert the case (the "Motion to Convert"). The Motion to Convert was joined by Real Estate Equity Lending, Inc. ("REEL"). M&I sought an expedited hearing on the Motion to Convert because of the Debtor's transfer of the Property to a related entity. The Debtor objected and Scenic Vistas, LLC, the recipient of the transfer, joined in that objection. Because stay relief had been granted to M&I regarding the Property which would permit M&I to seek relief in state court regarding any unauthorized transfer of the Property and because the expedited hearing had not been set as an evidentiary hearing, the Court denied M&I's request for expedited relief. The Motion to Convert was continued to July 13, 2011, which was also set as a combined hearing on approval of a disclosure statement and plan of reorganization. The Debtor was ordered to have a disclosure statement on file for his previously filed Plan "D" by June 10, 2011. The Debtor timely filed a disclosure statement and attached a new Plan "E." Plan E indicates that, in addition to transferring the Property to Scenic Vistas, LLC, the Debtor had also transferred, post-petition, his equity interest in various entities to family members. None of those transfers were approved by the Court. Like its predecessors, Plan E's feasibility depended on Debtor successfully prosecuting and prevailing on all of the Removed Cases--even ones where final judgments and rulings adverse to the Debtor had previously been entered.

M & I filed a ballot rejecting Plan E and an objection to confirmation, which was joined by REEL. No ballot report was filed by the Debtor to indicate that there was any vote cast accepting Plan E. On July 13, 2011, the court conducted the hearing on Plan Confirmation and a continued hearing on the Motion to Convert.

## **JURISDICTION**

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(A).

## ISSUES

1. Can the Debtor's Plan be confirmed?

2. Should the Debtor's case be converted?

## DISCUSSION

Based on a review of Plan E and the entire record in the case, including but not limited to the Debtor's admitted unauthorized transfers of estate property, it is clear that the Debtor filed his Chapter 11 petition in bad faith to avoid, set aside, or re-litigate judgments entered in the Litigation. The terms of Plan E have not, therefore, been proposed in a good faith effort to reorganize as required by 11 U.S.C. § 1129(a)(3) but simply for the purpose of continuing the Litigation in another forum. Forum shopping has long been held to be an improper purpose for seeking Chapter 11 relief. See In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990) (citing forum shopping as one factor for a court to consider when abstaining). As a result of these findings, and the fact that Debtor has already proposed multiple plans, the Debtor will not be permitted any further opportunity to propose a plan of reorganization.[1]

After considering the entire record in the bankruptcy case as well as a number of the judgments entered against the Debtor in the Litigation, the Court concludes that the Debtor has been manipulating and abusing the bankruptcy process. At the July 13 hearing, the Court queried M&I and REEL's counsel as to what purpose would be served by converting the Debtor's case to Chapter 7. Both counsel expressed an interest in having a Chapter 7 trustee untangle the series of transfers the Debtor has purportedly made of his property both pre- and post-petition. However, neither counsel could identify for the Court what estate resources would be available to a Chapter 7 trustee to undertake such an investigation. Even a cursory review of the Removed Cases and the docket in the Debtor's administrative case indicates that the Litigation is ongoing, complex, and contentious. The Court accordingly exercises its discretion under 11 U.S.C. § 105(a) and, sua

---

[1] The Removed cases will be remanded because none of the cases involve the Court's core jurisdiction. See Stern v. Marshall, 541 U.S. ____, 131 S. Ct. ____, 2011 U.S. LEXIS 4791 (June 23, 2011) (unconstitutional for bankruptcy courts as Article I courts to adjudicate common and state law causes of action which are not part of estate's counterclaim to creditor claim).

sponte, orders that the Debtor's case be dismissed. <u>Tennant v. Rojas</u> (<u>In re Tennant</u>), 318 B.R. 860 (B.A.P. 9th Cir. 2004).

Based on the record and the Court's determination that the Debtor's case was filed in bad faith it further finds that the Debtor and any entity in which the Debtor has any interest should be subject to a 180-day bar against filing any petition, other than a Chapter 7 petition, in the Bankruptcy Court for the District of Arizona. <u>See</u> <u>Casse v. Key Bank Nat'l Ass'n</u> (<u>In re Casse</u>), 198 F.3d 327, 339 (2d Cir. 1999). The Court further finds that it is appropriate in the circumstances of this case to direct the Clerk of the Bankruptcy Court, for the next thirty six (36) months, to assign to this Court any bankruptcy case filed by the Debtor or by an entity in which the Debtor has an interest.

The foregoing, along with the record of the July 13 proceeding, constitutes the Court's findings of fact and conclusions of law on the Motion to Convert and confirmation of Debtor's Plan E. A separate order dismissing Debtor's case will be entered this date.

DATED AND SIGNED ABOVE.

To be noticed via the Bankruptcy Noticing Center ("BNC") to the following:

Arek Fressadi
10780 S. Fullerton Rd.
Tucson, AZ 85736

Scott Humble
Jeffrey T. Murray
Patrick Yancey Howell
Turley Childers Humble & Torrens, P.C.
3101 North Central Ave., Suite 1300
Phoenix, AZ 850012-2656

Hilary L. Barnes
The Cavanagh Law Firm
1850 North Central Avenue, Suite 2400
Phoenix, AZ 85004-4527

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003